UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. **CV 21-5287-DMG (SKx)** | Date **December 28, 2021** |
| Title ***General Star Indemnity Co., et al v. JRK Property Holdings, Inc.*** | Page **1 of 6** |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY [60]**

On June 29, 2021, Plaintiffs, who are various insurance entities (the "Insurers"), filed a complaint for declaratory relief against Defendant JRK Property Holdings, Inc. ("JRK"). [Doc. # 1.] On August 27, 2021, JRK filed a motion to dismiss or, in the alternative, to stay the case pending a parallel state court action. [Doc. # 60 ("MTD").] The motion is fully briefed. [Doc. ## 66, 72.] For the following reasons, the Court **GRANTS** JRK's MTD.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

JRK is a real estate investment firm that holds business interruption insurance coverage issued by the Insurers. Elkins Decl., Ex. 1 ("State Court Complaint") at ¶¶ 2, 8 [Doc. # 60-1].[1] JRK alleges that it suffered losses due to the COVID-19 pandemic and that its policies with the Insurers cover these losses. *Id.* at ¶¶ 8-10. According to JRK, the Insurers denied coverage in breach of the policies. *Id.* at ¶¶ 11-14.

JRK first sued the Insurers based on these allegations in the Eastern District of Virginia on January 18, 2021. Compl. ¶ 27. The Insurers thereafter filed a motion to transfer venue to the Central District of California, along with a motion to dismiss for failure to state a claim. *Id.* at ¶¶ 28-29. On May 19, 2021, the Virginia court granted the Insurers' motion to transfer the case to this District. *Id.* at ¶ 32-33; *see JRK Property Holdings, Inc. v. Colony Ins. Co., et al.*, No. CV 21-4186-JAK (MRWx) ("First Federal Action"). Thereafter, on May 27, 2021, JRK voluntarily dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). *Id.* at ¶ 36. JRK filed its voluntary dismissal about twenty minutes after the Insurers filed their reply

---

[1] The Court **GRANTS** JRK's Request for Judicial Notice [Doc. # 60-2], which pertains to various documents filed before the California State Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 21-5287-DMG (SKx) | Date | December 28, 2021 |
| Title | *General Star Indemnity Co., et al v. JRK Property Holdings, Inc.* | Page | 2 of 6 |

brief in support of their motion to dismiss, which was still pending. *Id.* at ¶¶ 35-36.[2] JRK then immediately commenced an action in California state court on the same day. *See generally* State Court Complaint. The State Court Complaint is largely identical to the original federal complaint, except it adds additional non-diverse Insurer Defendants. *Compare* State Court Complaint *with* First Federal Action Amended Complaint [No. CV 21-4186-JAK (MRWx) Doc. # 34].

Thereafter, the Insurers initiated this action for a judicial declaration that JRK is not entitled to coverage, which is essentially a mirror image of JRK's lawsuit—except, like the First Federal Action but unlike the state court action, it omits the non-diverse Insurers. *See generally* Complaint. JRK now moves to dismiss or stay this action in deference to the state court action pursuant to the *Brillhart* abstention doctrine. *See Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942).

**II.
LEGAL STANDARD**

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In declaratory judgment actions, district courts have the discretion to defer to a parallel state court proceeding. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 495 (1942). In contrast to the general rule articulated in *Colorado River Conservation District v. United States*, 424 U.S. 800, 817 (1976), that federal courts may abstain from an action in deference to pending state court proceedings only in "exceptional circumstances," federal courts in declaratory judgment actions have greater discretion to defer to parallel state court proceedings. *See Wilton*, 515 U.S. at 286 ("Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River*....").

Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288. "Prudential guidance for retention of the district court's authority is found in *Brillhart* ... and its progeny." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the

---

[2] JRK does not dispute these procedural facts.

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 |

| Case No. | CV 21-5287-DMG (SKx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | General Star Indemnity Co., et al v. JRK Property Holdings, Inc. | Page | 3 of 6 |

entire suit should be heard in state court." *Id.* at 1225 (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991)).

The primary *Brillhart* factors are as follows: "A district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 803 (9th Cir. 2002) (citing *Dizol*, 133 F.3d at 1225). Secondary considerations may include:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5 (citation omitted). "Although courts may . . . consider a number of other factors"—such as the secondary factors listed above—"the three '*Brillhart* factors remain the philosophic touchstone' for the" instant abstention analysis. *R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

## III.
## DISCUSSION

**A.      Needless Determination of State Law Issues**

Under the first *Brillhart* factor, "[a] needless determination of state law may involve an ongoing parallel state proceeding regarding the precise state law issue, an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (*e.g.,* a diversity action)." *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1031 (D. Haw. 2008) (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371-72 (9th Cir. 1991)) (internal quotation marks omitted). All of the above are present here: 1) this case involves contract interpretation, which is governed by state law, 2) the ongoing state court action pertains to precisely the same state law issue, 3) Congress has reserved insurance law to the states, and 4) this is a diversity action, and the Insurers have not identified a compelling federal interest. *See Robsac*, 947 F.2d at 1371 ("insurance law . . . [is] an area that Congress has expressly left to the states").

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 |

| Case No. | CV 21-5287-DMG (SKx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | *General Star Indemnity Co., et al v. JRK Property Holdings, Inc.* | Page | 4 of 6 |

The Insurers argue that insurance coverage disputes are routinely resolved by federal courts and do not implicate particularly novel or complex issues. *See First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1054 (N.D. Cal. 2016) ("[W]here, as here, the declaratory judgment claim requires application of settled principles of state law and the issues concerning insurance coverage are not particularly complex or novel, the first *Brillhart* factor weighs against a stay.") (internal quotation marks omitted). But coverage for losses from the COVID-19 pandemic is a rather new and significant issue. While many federal district courts have been compelled to weigh in on the issue during the many ongoing months of the pandemic, California law on the subject—in all its possible permutations—is not so settled as to not implicate any of the comity concerns that *Brillhart* abstention is intended to address. *See Beazley Underwriting, Ltd. v. Fitness Int'l, LLC*, No. SA CV 21-00642-CJC (DFMx), 2021 WL 1903805, at *2 (C.D. Cal. May 11, 2021). ("Determining whether . . . COVID-related losses are covered by [an] insurance policy . . . would necessarily require interpretation of the insurance policy, which is an area traditionally within the purview of the states."). The first factor thus favors abstention.

**B.    Forum Shopping**

The second factor, the presence or absence of forum shopping, "weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1371 (9th Cir. 1990). This factor "relat[es] to the 'defensive' or 'reactive' nature of a federal declaratory judgment suit, and . . . if a declaratory judgment suit is defensive or reactive, that would justify a court's decision not to exercise jurisdiction." *Robsac*, 947 F.2d at 1371 (9th Cir. 1991) (internal quotation marks omitted). "A declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the same issues of state law is an archetype of . . . 'reactive' litigation." *Id.* at 1372.

Though on its face this action appears to be an archetypal reactive litigation, the facts suggest that JRK may actually be the one guilty of forum shopping. It first initiated litigation in federal court, with the exact same parties as in this case, only to voluntarily dismiss and refile a non-removable state action after the venue changed. This action could be seen as the Insurers' attempt merely to restore the original federal action. On the other hand, JRK may have genuinely determined that its interests would be better protected by the inclusion of the additional non-diverse Insurers, which is a perfectly valid reason to refile in state court. Moreover, as both the original plaintiffs and the natural plaintiffs seeking redress for alleged injuries, JRK is entitled some deference in its choice of forum. The Insurers have aggressively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 21-5287-DMG (SKx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | General Star Indemnity Co., et al v. JRK Property Holdings, Inc. | Page | 5 of 6 |

sought to deny JRK its chosen forum on two separate occasions. The Insurers also have identified no adverse rulings in California federal court that would not be equally persuasive in California state court.³ On balance, the forum-shopping factor is neutral.

**C.     Duplicative Litigation**

Under the third factor, a "stay or dismissal is appropriate if the claim for declaratory judgment is duplicative of the issues being litigated in the underlying liability action." *First Mercury*, 203 F. Supp. 3d at 1054 (internal quotation marks omitted); *see also Wilton*, 515 U.S. at 283 ("[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,'…if it permitted the federal declaratory action to proceed.").

There is no doubt that this action for declaratory relief concerns the same issues being litigated in the state court action. If this action is allowed to proceed, then duplicative parallel cases would proceed in both fora.⁴ This factor heavily favors abstention.

\*     \*     \*

On balance, the *Brillhart* factors weigh in favor of abstention. None of the secondary factors meaningfully alter or add to the foregoing discussion. Because no action in this forum would be necessary if either party prevails in the state court action, dismissal rather than a stay is appropriate. *See Supermicro Computer, Inc. v. Digitechnic, S.A.*, 145 F. Supp. 2d 1147, 1152 (N.D. Cal. 2001) (determining that dismissal of the declaratory relief action is preferable because the future disposition of the preexisting parallel case would make the action unnecessary).

---

³ On October 1, 2021, the Ninth Circuit issued its ruling in *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885 (9th Cir. 2021), a case involving coverage for pandemic-related losses that was decided adverse to the policyholder. But JRK's dismissal and refiling in state court was done before *Mudpie* was issued, so the ruling could not have affected its decision.

⁴ The Insurers point out that the state court had indicated a willingness to defer to this Court and stay the state court litigation. On December 3, 2021, the state court denied the Insurers' motion to stay. [*See* Doc. # 86.] Even if the state court might be willing to revisit that ruling, a state court's amenability to staying its case in favor of the federal court's case is not a factor in the *Brillhart* analysis.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 21-5287-DMG (SKx) | Date | December 28, 2021 |
|---|---|---|---|
| Title | *General Star Indemnity Co., et al v. JRK Property Holdings, Inc.* | Page | 6 of 6 |

### IV. CONCLUSION

In light of the foregoing, the Court **GRANTS** JRK's motion to dismiss and **DISMISSES** this action without prejudice.

**IT IS SO ORDERED**.